12701.   BIRD, administrator, *v.* MOON *et al.*

1. In a suit instituted by the personal representative of a deceased person an opposite party is incompetent to testify in his own favor as to transactions or communications with the decedent.
2. Where the administrator of the payee of a promissory note, which was signed jointly by a husband and wife, sued them upon it, and the de-

fense set up was that a gift of the note had been made by the payee to the wife, and that the plaintiff therefore had no title, the husband was incompetent to testify in his own favor as to transactions and communications between the decedent and the wife.

DECIDED APRIL 1, 1922.

Complaint; from Newton superior court — Judge Hutcheson. July 9, 1921.

J. T. Bird, as administrator of Mrs. N. C. Bird, sued Amanda Moon and her husband, R. M. Moon, upon a promissory note payable to the decedent and signed by the defendants jointly. The defendant filed an answer in which it was alleged that a gift of the note had been made by Mrs. Bird to Mrs. Moon, and that therefore the plaintiff was not entitled to recover. J. T. Bird was a stepson and Mrs. Moon was a sister of Mrs. Bird. During the trial of the case the court permitted Mr. Moon, the husband, to testify as follows: " I have heard conversations between Mrs. Bird and my wife in regard to this note (the note sued on). She told my wife she gave it to her and retained the note for the purpose of collecting the interest — she gave that note to my wife and kept it in her possession for the purpose of collecting the interest. That is all there is to it. She delivered the note to my wife, and my wife had the note in her possession and delivered it back to her for the purpose of collecting the interest. Mrs. Bird and my wife had this conversation right down there at my house when the note was given right down there. She gave the note there and told her right there and then that all she wanted with the note was to collect the interest. She delivered the note to my wife then and my wife gave it back to her to keep to collect the interest. The first conversation was down here in the Bank of Newton County, when the note was made, and I heard the same conversation again when my wife had the note in her possession again. After taking this note then and there in the bank she delivered the note to Mrs. Moon. She said, ' This is your note. I give you this note.' She always called her ' Sister,' that is, Amanda Moon. This transaction of this note being turned over to Mrs. Moon, nobody but myself and Mrs. Bird knew it." This testimony was objected to by the plaintiff at the time it was offered. The verdict was for the defendants, and the plaintiff made a motion for a new trial, in which he excepted to the admission of the evidence set out above. The case came to this court on exceptions to the overruling of the motion for a new trial.

*King & Johnson,* for plaintiff.

*Rogers & Tuck,* for defendant.

HILL, J. (After stating the facts as above.) The defendant husband did not deny his liability on the note, but contended that his liability was to his wife, instead of the administrator, on account of the fact that the note had been given to his wife. His denial of title in the plaintiff, however, was his defense. He was a party defendant to the case. The suit was instituted by J. T. Bird, the personal representative of Mrs. N. C. Bird, deceased. Mr. Moon was an opposite party. The effect of the evidence was to relieve Mr. Moon from liability to the plaintiff. He was permitted to testify to transactions and communications with the decedent, the effect of which was to sustain his defense. This testimony was therefore in his own favor. The evidence was inadmissible, and the court erred in not granting a new trial. Park's Civil Code, § 5858 (1).

There were other grounds in the motion for a new trial, but there was no error set forth in them which would require the grant of a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*